# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| ERNEST ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:04-640-MBS-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

### Background and Evidence[2]

      Plaintiff is an African-American male who worked for the Defendant in the Electrical

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

1



Department.  Plaintiff's Supplemental Answers to Defendant's Interrogatories.  Plaintiff's claim against the Defendant is as follows:

> At some point during his employment, which he believes to be many years ago, USC created within the maintenance department a position known as "master craftsman". When the position was created, it was automatically awarded to a white male without consideration of black employees working at the time.  Thereafter, when the position came up again, twice, the plaintiff attempted to obtain the position, but on each occasion it was awarded to a white male.  Plaintiff believes this happened in the early 90's.  The position was not posted in the traditional sense, as each time the master craftsman position would become open it was ostensibly awarded to the next senior qualified employee.  On the two occasions the plaintiff recalls that the position was filled, it was awarded to a white employee with less seniority than the plaintiff.  In July, 2002, the plaintiff applied for a position entitled "electrical supervisor." Although he was more qualified, the position was given to Dennis Gallagher, a white male.

Plaintiff's Supplemental Answers to the Defendant's Interrogatories.[3]

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  See Defendant's Attachment A.  The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id.  After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Defendant's Attachment B; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[4]

---

[3]Following numerous discovery problems between the parties, an order was issued on February 15, 2005 which required Plaintiff to identify with specificity his claim against the Defendant.  Plaintiff's response is as set forth hereinabove.

[4]Plaintiff initially filed a joint lawsuit together with the other maintenance employees.  That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.

2



**<u>Discussion</u>**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

## I.

### (Master Craftsman Position)

Defendant argues in its motion for summary judgment that Plaintiff's claim relating to the "master craftsman" position should be dismissed because Plaintiff's claim is time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree.   Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three  hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier.  <u>See</u> 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded

3



to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC

pursuant to a "work sharing agreement." <u>Defendant's Attachment A</u>.  Therefore, Plaintiff had three

hundred (300) days to file his administrative charge following a discriminatory act, and a failure by

the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court with respect to any

alleged discriminatory act which falls outside of this three hundred (300) day period.  <u>United Black

Firefighters of Norfolk v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979); <u>Mickel v. South Carolina State

Employment Serv.</u>, 377 F.2d 239, 242 (4th Cir. 1967); <u>see</u> <u>National RR Passenger Corp. v. Morgan</u>,

536 U.S. 101, 110 (2002).[5]

       Based on Plaintiff's administrative charge filing date of October 5, 1999, any failure

to promote discrimination claims occurring prior to December 9, 1998 would not be actionable.

<u>Williams</u>, 370 F.3d at 429; <u>Morgan</u>, 536 U.S. at 114.    Plaintiff states that the promotion

decisions with respect to the master craftsman position occurred sometime in the early 1990s.

<u>Plaintiff's Supplemental Answers to Defendant's Interrogatories</u>.  Therefore, Plaintiff's denial of

promotion claim with respect to this position falls outside of the applicable 300 day claim period,

and may not ordinarily be considered by this Court.  While Plaintiff advances two arguments as

---

[5]A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation."  However, under the applicable caselaw, promotions are separate and distinct acts for purposes of a Title VII claim, and timely promotion claims may not therefore be considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory promotion decisions which involved the same claimant. <u>See</u> <u>Morgan</u>, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; <u>Williams v. Giant Food, Inc.</u>, 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination].

4



to why his claim should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[6]

First, Plaintiff has not set forth a claim of hostile work environment in this case. Pursuant to the Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit. Plaintiff responded by identifying the master craftsman promotion, as well as an "electrical supervisor" promotion decision from July 2002, as being the only claims he was asserting in this lawsuit. No claim for hostile work environment was asserted, and Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the

_____

[6]Plaintiff also refers in his memorandum to the claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).



statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]. The electrical supervisor position of 2002 is identified as a failure to promote claim. Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period. *Cf.* Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote]. Therefore, Plaintiff has presented no viable hostile work environment claim.

As for equitable estoppel, Plaintiff argues in his brief that "since the University let this Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response, the Court should apply the equitable doctrine of estoppel as outlined by the Supreme Court in [Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]." Plaintiff's Memorandum, p. 7. Plaintiff has failed, however, to set forth or identify any evidence to support this general and conclusory statement, and the Court cannot provide equitable relief based on such an unsubstantiated argument. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992),

6



vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363, (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Here, as noted, Plaintiff has presented no evidence to show that he is entitled to equitable relief

in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who

invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also

Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack

of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory

filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access

to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants."

Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin

County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No.

96-1437 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works

Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Plaintiff failed to file his administrative charge within

three hundred (300) days of the promotion decisions relating to the master craftsman position.

Based on this evidence, and in light of the applicable caselaw and statutory requirements, the

undersigned has no choice but to find that any promotion decisions relating to the master craftsman

position are time barred, and are therefore subject to dismissal.



## II.

### (Electrical Supervisor Position)

With respect to the electrical supervisor position, Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to this claim, a prerequisite to filing suit in this Court. After consideration of the arguments presented, the undersigned is again constrained to agree with the Defendant that Plaintiff's claim is subject to dismissal.

Title VII requires, as a prerequisite to suit, that a plaintiff first exhaust his administrative remedies by filing a charge of discrimination covering the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Failure to comply with this requirement bars a plaintiff from pursuing a lawsuit under this statute with respect to any such unexhausted claim. United Black Fire Fighters of Norfolk v. Hirst, 604 F.2d at 847. Plaintiff's claim relating to the electrical supervisor position occurred three (3) years *after* the administrative charge was filed in this case, and over a year after Plaintiff received his right to sue letter and filed his original lawsuit. Further, Plaintiff's current Complaint, which was filed almost two years after Plaintiff was allegedly denied this position, makes no reference whatsoever to this position, or to Plaintiff having been unlawfully denied a promotion to this position.

The burden of proving satisfaction of administrative requirements falls on the Plaintiff. Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995). The fact that Plaintiff had previously filed an administrative charge asserting that he had been denied a promotion to a different position or positions does not mean that he can automatically litigate an alleged unlawful denial of a promotion occurring subsequent to the filing of that administrative charge, particularly when the investigation and disposition of that

8



administrative charge had been concluded and the right to sue letter issued well before that subsequently occurring event. <u>Morgan</u>, 536 U.S. at 110; <u>see</u> <u>Romero-Ostolaza v. Ridge</u>, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ["<u>Morgan</u> has, on the whole, been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court"]; <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) ["[T]he [<u>Morgan</u>] rule is equally applicable…to discrete claims based on incidents occurring *after* the filing of [an] EEO complaint,"] (emphasis in original).   Plaintiff is also not entitled to any equitable relief with respect to this claim.  <u>See</u> Section I, <u>supra</u>.

Since exhaustion of administrative remedies is a prerequisite for filing suit under Title VII, and Plaintiff failed to exhaust his administrative remedies with respect to the July 2002 promotion decision referenced in this response to interrogatories, his claim relating to the denial of this promotion in July 2002 must be dismissed.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 2, 2006

9

